IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| PRINCETON DIGITAL IMAGE CORPORATION, | § § § | |
| Plaintiff | § § | Civil Action No. _____ |
| v. | § § | |
| CANON INC., CANON U.S.A., INC., EASTMAN KODAK COMPANY, HEWLETT-PACKARD COMPANY, FUJIFILM HOLDINGS CORPORATION A/K/A FUJIFILM HOLDINGS AMERICA CORPORATION, FUJIFILM CORPORATION, and FUJIFILM NORTH AMERICA CORPORATION F/K/A FUJIFILM U.S.A., INC | § § § § § § § § § § § | |
| Defendants. | § | JURY TRIAL DEMAND |

## PLAINTIFF'S ORIGINAL COMPLAINT

Princeton Digital Image Corporation, (hereafter "Princeton"), Plaintiff, brings this action against Canon Inc., Canon U.S.A., Inc., Eastman Kodak Company, Hewlett-Packard Company, Fujifilm Holdings Corporation A/K/A Fujifilm Holdings America Corporation, Fujifilm Corporation, and Fujifilm North America Corporation F/K/A Fujifilm U.S.A., Inc. (collectively "Defendants"), and alleges that:

## I.
## PARTIES

1. Plaintiff Princeton is a corporation organized and doing business under the laws of Texas, having its offices at 911 NW Loop 281, Suite 211-23, Longview, TX 75604.

2. On information and belief, Defendant, Canon Inc., (hereafter "Canon") is a corporation organized and existing under the laws of Japan, with a principal place of business located at 30-2, Shimomaruko 3-chome, Ohta-ku, Tokyo 146-8501, Japan.

3.  On information and belief Defendant, Canon U.S.A., Inc., (hereafter "Canon") is a corporation organized and existing under the laws of Virginia, with a principal place of business located at One Canon Plaza, Lake Success, New York 11042.

4.  On information and belief Defendant, Eastman Kodak Company (hereafter "Kodak"), is a corporation organized and existing under the laws of New Jersey, with a principal place of business located at 343 State Street, Rochester, New York 14650.

5.  On information and belief Defendant, Hewlett-Packard Company (hereafter "Hewlett-Packard"), is a corporation organized and existing under the laws of Delaware, with a principal place of business located at 3000 Hanover Street, Palo Alto, California 94304-1185.

6.  On information and belief Defendant, Fujifilm Holdings Corporation a/k/a Fujifilm Holdings America Corporation (hereafter "Fujifilm Holdings"), is a corporation organized and existing under the laws of Japan, with a principal place of business located at 7-3, Akasaka 9-chome, Minato-ku, Tokyo 107-0052, Japan, and a primary U.S. address of 200 Summit Lake Drive, Valhalla, NY 10595.

7.  On information and belief Defendant, Fujifilm Corporation (hereafter "Fujifilm Corp"), is a corporation organized and existing under the laws of Japan, with a principal place of business located at Midtown West, 7-3, Akasaka 9-chome, Minato-ku, Tokyo 107-0052, Japan.

8.  On information and belief Defendant, Fujifilm North America Corporation f/k/a Fujifilm U.S.A., Inc. (hereafter "Fujifilm USA"), is a corporation organized and existing under the laws of Delaware, with a principal place of business located at 200 Summit Lake Drive, Valhalla, New York 10595.

## II.
## JURISDICTION AND VENUE

9.  This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 271, et seq.

DM1\2035427.1 F4371/00001

10. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 1338(a).

11. This Court has personal jurisdiction over Canon and Canon USA (collectively "the Canon Defendants") since, on information and belief, each of the Canon Defendants has transacted business in this judicial district and/or has committed acts of infringement in this judicial district, for example via retail locations in the Eastern District of Texas such as Conn's, Walmart, Best Buy and others.

12. This Court has personal jurisdiction over Kodak since, on information and belief, Kodak has transacted business in this judicial district and/or has committed acts of infringement in this judicial district, for example via retail locations in the Eastern District of Texas such as Conn's, Walmart, Best Buy and others.

13. This Court has personal jurisdiction over Hewlett-Packard since, on information and belief, Hewlett-Packard has transacted business in this judicial district and/or has committed acts of infringement in this judicial district, for example via retail locations in the Eastern District of Texas such as Conn's, Walmart, Best Buy and others.

14. This Court has personal jurisdiction over Fujifilm Holdings, Fujifilm Corp, and Fujifilm USA, (collectively "the Fujifilm Defendants") since, on information and belief, each of the Fujifilm Defendants have transacted business in this judicial district and/or have committed acts of infringement in this judicial district, for example via retail locations in the Eastern District of Texas such as Conn's, Walmart, Best Buy and others.

15. Venue in this district over all defendants is proper under 28 U.S.C. § 1391(c) and (d) and 1400(b).

## III.
## BACKGROUND

16. On August 22, 1989, U. S. Patent No. 4,860,103 (hereafter "the '103 patent") was duly and legally issued to Mohammad S. Azam and Michael D. Carr, as the inventors thereof, and at all applicable times was valid and subsisting. A copy of the '103 patent, which is entitled "Video Level Control," is attached hereto as Exhibit "A".

17. On March 14, 1989, U. S. Patent No. 4,813,056 (hereafter "the '056 patent") was duly and legally issued to Nicola J. Fedele, as the inventor thereof, and at all applicable times was valid and subsisting. A copy of the '056 patent, which is entitled "Modified Statistical Coding of Digital Signals," is attached hereto as Exhibit "B".

18. Mohammad S. Azam and Michael D. Carr originally assigned their rights to the '103 patent to British Telecommunications plc. The '103 patent was subsequently assigned to General Electric Company, which assigned all rights, title and interest in and to the '103 patent to Princeton Digital Image Compression, LLC. Princeton Digital Image Compression, LLC has assigned all rights, title and interest in and to the '103 patent to Princeton Digital Image Corporation.

19. Nicola J. Fedele originally assigned his rights to the '056 patent to General Electric Company, which assigned all rights, title and interest in and to the '056 patent to Princeton Digital Image Compression, LLC. Princeton Digital Image Compression, LLC has assigned all rights, title and interest in and to the '056 patent to Princeton Digital Image Corporation.

## IV.
## INFRINGEMENT OF THE '103 PATENT

### A. CANON DEFENDANTS

20. Upon information and belief, the Canon Defendants have infringed one or more claims of the '103 patent by having performed, without authority to do so, one or more of the following acts: (a) making, using, offering for sale, or selling within the United States products,

including but not limited to digital still cameras, that infringed one or more claims of the '103 patent, in violation of 35 U.S.C. § 271(a); (b) importing into the United States products, including but not limited to digital still cameras, that infringed one or more claims of the '103 patent, in violation of 35 U.S.C. § 271(a); (c) inducing infringement of one or more claims of the '103 patent, in violation of 35 U.S.C. § 271(b); and/or (d) contributing to the infringement of one or more claims of the '103 patent, in violation of 35 U.S.C. § 271(c).

21.     The Canon Defendants were given notice of their infringement of the '103 patent on or before December 23, 2003. Despite that notice, the Canon Defendants continued to infringe the '103 patent.

22.     Upon information and belief, the Canon Defendants' acts of infringement of the '103 patent were both deliberate and willful.

23.     Princeton is entitled to recover from the Canon Defendants those damages sustained as a result of the Canon Defendants' wrongful acts of infringement of the '103 patent in an amount subject to proof at trial.

**B.     EASTMAN KODAK**

24.     Upon information and belief, Kodak has infringed one or more claims of the '103 patent by having performed, without authority to do so, one or more of the following acts: (a) making, using, offering for sale, or selling within the United States products including, but not limited to, digital still cameras, that infringed one or more claims of the '103 patent, in violation of 35 U.S.C. § 271(a); (b) importing into the United States products including, but not limited to, digital still cameras, that infringed one or more claims of the '103 patent, in violation of 35 U.S.C. § 271(a); (c) inducing infringement of one or more claims of the '103 patent, in violation of 35 U.S.C. § 271(b); and/or (d) contributing to the infringement of one or more claims of the '103 patent, in violation of 35 U.S.C. § 271(c).

25.     Kodak was given notice of its infringement of the '103 patent in or before April 2006. Despite that notice, Kodak continued to infringe the '103 patent.

26.     Upon information and belief, Kodak's acts of infringement of the '103 patent were both deliberate and willful.

27.     Princeton is entitled to recover from Kodak the damages sustained as a result of Kodak's wrongful acts of infringement of the '103 patent in an amount subject to proof at trial.

### C.     HEWLETT-PACKARD

28.     Upon information and belief, Hewlett-Packard has infringed one or more claims of the '103 patent by having performed, without authority to do so, one or more of the following acts: (a) making, using, offering for sale, or selling within the United States products including, but not limited to, digital still cameras, that infringed one or more claims of the '103 patent, in violation of 35 U.S.C. § 271(a); (b) importing into the United States products including, but not limited to, digital still cameras, that infringed one or more claims of the '103 patent, in violation of 35 U.S.C. § 271(a); (c) inducing infringement of one or more claims of the '103 patent, in violation of 35 U.S.C. § 271(b); and/or (d) contributing to the infringement of one or more claims of the '103 patent, in violation of 35 U.S.C. § 271(c).

29.     Hewlett-Packard was given notice of its infringement of the '103 patent on or before December 23, 2003. Despite that notice, Hewlett-Packard continued to infringe the '103 patent.

30.     Upon information and belief, Hewlett-Packard's acts of infringement of the '103 patent were both deliberate and willful.

31.     Princeton is entitled to recover from Hewlett-Packard the damages sustained as a result of Hewlett-Packard's wrongful acts of infringement of the '103 patent in an amount subject to proof at trial.

6

DM1\2035427.1 F4371/00001

### D.  FUJIFILM DEFENDANTS

32.  Upon information and belief, the Fujifilm Defendants have infringed one or more claims of the '103 patent by having performed, without authority to do so, one or more of the following acts: (a) making, using, offering for sale, or selling within the United States products including, but not limited to, digital still cameras, that infringed one or more claims of the '103 patent, in violation of 35 U.S.C. § 271(a); (b) importing into the United States products including, but not limited to, digital still cameras, that infringed one or more claims of the '103 patent, in violation of 35 U.S.C. § 271(a); (c) inducing infringement of one or more claims of the '103 patent, in violation of 35 U.S.C. § 271(b); and/or (d) contributing to the infringement of one or more claims of the '103 patent, in violation of 35 U.S.C. § 271(c).

33.  The Fujifilm Defendants were given notice of their infringement of the '103 patent on or before December 23, 2003. Despite that notice, the Fujifilm Defendants continued to infringe the '103 patent.

34.  Upon information and belief, the Fujifilm Defendants' acts of infringement of the '103 patent were both deliberate and willful.

35.  Princeton is entitled to recover from the Fujifilm Defendants those damages sustained as a result of the Fujifilm Defendants' wrongful acts of infringement of the '103 patent in an amount subject to proof at trial.

## V.
## INFRINGEMENT OF THE '056 PATENT

### A.  CANON DEFENDANTS

36.  Upon information and belief, the Canon Defendants have infringed one or more claims of the '056 patent by having performed, without authority to do so, one or more of the following acts: (a) making, using, offering for sale, or selling within the United States products

7

DM1\2035427.1 F4371/00001

including, but not limited to, digital cameras and certain camcorder, copier, scanner and multifunction products, that infringed one or more claims of the '056 patent, in violation of 35 U.S.C. § 271(a); (b) importing into the United States products including, but not limited to, digital cameras and certain camcorder, copier, scanner and multifunction products that infringed one or more claims of the '056 patent, in violation of 35 U.S.C. § 271(a); (c) inducing infringement of one or more claims of the '056 patent, in violation of 35 U.S.C. § 271(b); and/or (d) contributing to the infringement of one or more claims of the '056 patent, in violation of 35 U.S.C. § 271(c).

37. The Canon Defendants were given notice of their infringement of the '056 patent on or before December 22, 2003. Despite that notice, the Canon Defendants continued to infringe the '056 patent.

38. Upon information and belief, the Canon Defendants' acts of infringement of the '056 patent were both deliberate and willful.

39. Princeton is entitled to recover from the Canon Defendants those damages sustained as a result of the Canon Defendants' wrongful acts of infringement of the '056 Patent in an amount subject to proof at trial.

### B. **EASTMAN KODAK**

40. Upon information and belief, Kodak has infringed one or more claims of the '056 Patent by having performed, without authority to do so, one or more of the following acts: (a) making, using, offering for sale, or selling within the United States products including, but not limited to, digital cameras and certain picture kiosk, copier, scanner and multifunction products and photo editing and printing services, that infringed one or more claims of the '056 patent, in violation of 35 U.S.C. § 271(a); (b) importing into the United States products including, but not limited to, digital cameras and certain picture kiosk, copier, scanner and multifunction products

and photo editing and printing services that infringed one or more claims of the '056 patent, in violation of 35 U.S.C. § 271(a); (c) inducing infringement of one or more claims of the '056 patent, in violation of 35 U.S.C. § 271(b); and/or (d) contributing to the infringement of one or more claims of the '056 patent, in violation of 35 U.S.C. § 271(c).

41. Kodak was given notice of its infringement of the '056 patent on or before April 5, 2006. Despite that notice, Kodak continued to infringe the '056 patent.

42. Upon information and belief, Kodak's acts of infringement of the '056 patent were both deliberate and willful.

43. Princeton is entitled to recover from Kodak those damages sustained as a result of Kodak's wrongful acts of infringement of the '056 patent in an amount subject to proof at trial.

### C.   **HEWLETT-PACKARD**

44. Upon information and belief, Hewlett-Packard has infringed one or more claims of the '056 patent by its having performed, without authority, one or more of the following acts: (a) making, using, offering for sale, or selling within the United States products including, but not limited to, digital cameras and certain computer, smartphone, copier, scanner and multifunction products and photo editing and printing services, that infringed one or more claims of the '056 patent, in violation of 35 U.S.C. § 271(a); (b) importing into the United States products including, but not limited to, digital cameras and certain computer, smartphone, copier, scanner and multifunction products and photo editing and printing services that infringed one or more claims of the '056 patent, in violation of 35 U.S.C. § 271(a); (c) inducing infringement of one or more claims of the '056 patent, in violation of 35 U.S.C. § 271(b); and/or (d) contributing to the infringement of one or more claims of the '056 patent, in violation of 35 U.S.C. § 271(c).

9

45. Hewlett-Packard was given notice of its infringement of the '056 patent on or before September 8, 2003. Despite that notice, Hewlett-Packard continued to infringe the '056 patent.

46. Upon information and belief, Hewlett-Packard's acts of infringement of the '056 patent were both deliberate and willful.

47. Princeton is entitled to recover from Hewlett-Packard those damages sustained as a result of Hewlett-Packard's wrongful acts of infringement of the '056 patent in an amount subject to proof at trial.

### D. **FUJIFILM DEFENDANTS**

48. Upon information and belief, the Fujifilm Defendants have infringed one or more claims of the '056 patent by its having performed, without authority, one or more of the following acts: (a) making, using, offering for sale, or selling within the United States products including, but not limited to, digital cameras and certain copier, scanner and/or multifunction products, that infringed one or more claims of the '056 patent, in violation of 35 U.S.C. § 271(a); (b) importing into the United States products including, but not limited to, digital cameras and certain copier, scanner and/or multifunction products that infringed one or more claims of the '056 patent, in violation of 35 U.S.C. § 271(a); (c) inducing infringement of one or more claims of the '056 patent, in violation of 35 U.S.C. § 271(b); and/or (d) contributing to the infringement of one or more claims of the '056 patent, in violation of 35 U.S.C. § 271(c).

49. The Fujifilm Defendants were given notice of their infringement of the '056 patent on or before December 23, 2003. Despite that notice, the Fujifilm Defendants continued to infringe the '056 patent.

50. Upon information and belief, the Fujifilm Defendants' acts of infringement of the '056 patent were both deliberate and willful.

DM1\2035427.1 F4371/00001

51. Princeton is entitled to recover from the Fujifilm Defendants' those damages sustained as a result of the Fujifilm Defendants' wrongful acts of infringement of the '056 patent in an amount subject to proof at trial.

## VI.
## PRAYER AND RELIEF

WHEREFORE, PREMISES CONSIDERED, Princeton prays for the following relief:

1. Princeton recover damages from Defendants resulting from Defendants' infringement, and that said damages be enhanced in view of Defendants' willful and wanton conduct;

2. Princeton recover interest and costs pursuant to 35 U.S.C. § 284 and attorneys' fees pursuant to 35 U.S.C. § 285; and

3. Princeton have such other and further relief as the Court deems just and proper under the circumstances.

Trial by jury is hereby demanded.

DM1\2035427.1 F4371/00001

Respectfully Submitted,

Date: January 25, 2010          By:     /s/ Greg M. Luck
                                        Thomas W. Sankey, P.C.
                                        State Bar No. 17635670
                                        Email: twsankey@duanemorris.com
                                        Gregory M. Luck, P.C.
                                        State Bar No. 12666380
                                        E-mail: gmluck@duanemorris.com
                                        Wesley W. Yuan
                                        State Bar No. 24042434
                                        Email: wwyuan@duanemorris.com
                                        Jordan T. Fowles
                                        State Bar No. 24048471
                                        Email: jtfowles@duanemorris.com
                                        DUANE MORRIS, LLP
                                        3200 Southwest Freeway, Suite 3150
                                        Houston, Texas 77027-7540
                                        Telephone: (713) 402-3900
                                        Facsimile:  (713) 583-9623

                                        **ATTORNEYS FOR PLAINTIFF,
                                        PRINCETON DIGITAL IMAGE
                                        CORPORATION**